IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00205-CR

 

Charles Edward Allen,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 11449-A

 



MEMORANDUM  Opinion



 








            This is an appeal from a plea-bargained
conviction.  The trial court’s certification of the defendant’s right to appeal
states that this “is a plea-bargain case and the defendant has NO right of
appeal.”  See Tex. R. App. P. 25.2(d). 
In addition, the defendant signed a waiver of appeal.  The defendant’s counsel
has notified this Court that the appeal is subject to dismissal for both of
these reasons.[1] 
Under these circumstances, this Court “        must dismiss [the] prohibited appeal
without further action.”  Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  Accordingly, we dismiss the appeal.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed July 23, 2008

[CR25]

 









[1]
              Because counsel has notified
the Court that the appeal should be dismissed, it is unnecessary to notify
counsel under Rule of Appellate Procedure 44.3 that the appeal is subject to
dismissal.  See Tex. R. App. P. 44.3.








ate, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); see
Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560
(1979).  Under the Jackson standard, "the relevant question is
whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt."   Jackson, 443
U.S. at 319 (emphasis in original).

Alviter argues that to decide his issue,
we must require the State to prove beyond a reasonable doubt that Alviter
intended to place Officer Parish in apprehension of imminent danger by pointing
a firearm at him.  In other words, Alviter wants us to require the State to
prove that Parrish actually perceived the threat.  The statute does not require
actual perception of the threat by the victim.  Tex. Penal Code Ann. § 22.01(a)(2) (West Pamp. 2010) (“A
person commits an offense if the person: (2) intentionally or knowingly
threatens another with imminent bodily injury….”).  Further, the question of
whether a victim of assault by threat must perceive the threat has been left
open by the Court of Criminal Appeals.  See Olivas v. State, 203
S.W.3d 341, 349 (Tex. Crim. App. 2006).  

Nevertheless, based on this record, we
need not make the determination requested.  Eadler saw Alviter raise a gun,
have his finger in the trigger guard, and point it at Parrish.  He yelled a
warning to Parrish who reacted by drawing his weapon and looking at Alviter. 
Parrish said that he was in fear of imminent bodily injury.  Even assuming, arguendo,
that the State must prove Parrish perceived the threat, we find the evidence is
sufficient to support the jury's verdict.

Alviter’s issue is overruled, and the
trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed April 6, 2011

Do
not publish 

[CRPM]